UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

NICHOLAS STROEDER,

    Plaintiff,

v.

JOAN FABIAN, BRUCE RIESER, and
VICKIE McDOUGALL,

    Defendants.

Civil No. 10-4336 (PAM/JJK)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota, ("MCF-RC"), commenced this action by filing a self-styled pleading entitled "Complaint for Civil Rights under 42 U.S.C. § 1983." (Docket No. 1.) The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

Plaintiff is attempting to sue the Minnesota Commissioner of Corrections, as well as the Warden and "education director" at MCF-RC. He claims that Defendants have

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds (for now) that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

violated his constitutional right of "access to the courts."

Plaintiff's lawsuit is based on one brief allegation, which is as follows:

> "The law library... is not complying with Bounds the law library is only compling [sic] with half of that decision and standard Therefor Because of this non-complice [sic] I am unable to have meaningful access to the courts."

(Complaint, p. 4, § 4, ¶ 3.)

In the "Relief" section of the complaint, Plaintiff states –

> "I would like that the court order the law library to be complete to the standard of Bounds and to award me damages."

(Id., pp. 4-5, § 5.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue various government employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon,

623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the caption of the complaint indicates that Plaintiff is attempting to state a cause of action under 42 U.S.C. § 1983 for an alleged violation of his federal constitutional rights.  Plaintiff claims that Defendants are depriving him of his constitutional right of "access to the courts," because the law library at MCF-RC is not "complete to the standard" established by the Supreme Court in Bounds v. Smith, 430 U.S. 817 (1977).

In Bounds, the Supreme Court recognized that prisoners retain a limited constitutional right of access to the courts.  According to Bounds, prisoners must have access to basic legal research materials or a legal assistance program, so they can pursue legal recourse in the courts.  However, the Supreme Court has made it clear that prisoners do not have a right to any particular type of legal aid or information.  In Lewis v. Casey, 518 U.S. 343 (1996), the stated that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental

3

constitutional rights to the courts.'" Id. at 351, quoting Bounds, 430 U.S. at 825.

The Court also expressly declared in Lewis that "Bounds did not create an abstract, freestanding right to a law library or legal assistance.'" 518 U.S. at 351. Therefore, a prisoner lacks standing to bring an access-to-the-courts claim, unless he can show some "actual injury." Id. at 349. See also Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n Lewis v. Casey, the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim"); White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) ("[t]o prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim"). This means that a prisoner cannot bring an "access to the courts" claim unless he pleads, (and ultimately proves), that he has been deprived of some specific opportunity to defend himself, or advance a viable legal claim, in some particular action. Lewis, 518 U.S. at 351; Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam).

To satisfy the "actual injury" requirement, an inmate must identify some specific injury resulting from an alleged lost opportunity to litigate. Speculative injuries – i.e., injuries that might occur, or could have occurred – are not sufficient. See Hartsfield v. Nichols, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or

4

caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative"). "[I]n order to establish a claim of constitutional dimensions, an inmate must come forward with something more than vague and conclusory allegations of harm. He must establish some specific prejudice...." Bannan v. Angelone, 962 F.Supp. 71, 74 (W.D.Va. 1996). "Plaintiffs must demonstrate, for example, that the inadequacy" of access to legal resources "caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

As noted above, even though a pro se pleading is to be liberally construed, it still must allege facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Therefore, a prison inmate who is attempting to bring a claim for denial of access to the courts must allege specific facts, which, if ultimately proven true, would satisfy the "actual injury" requirement of Lewis v. Casey. Conclusory allegations that a prisoner might suffer some unspecified harm or prejudice are not sufficient. The inmate must show some specific actual injury in some specific court action.

Here, Plaintiff has not pleaded an actionable claim for denial of access to the courts, because he has not satisfied the "actual injury" requirement established by Lewis. Plaintiff has not identified any specific occasion when he actually lost a specific substantive legal right as a direct result of the alleged inadequacy of the legal resources that are available to him. He has not alleged any facts showing that any specific viable claim or defense actually has been, or will be, lost as a direct result of the alleged

5

denial of access to sufficient legal resources.

Plaintiff's complaint does not even mention any specific harm to his rights in any specific case. There are no factual allegations showing that Plaintiff has actually lost any sustainable claim or defense in a pending or contemplated court proceeding, which would have been preserved if he had been provided adequate legal resources. Nor has Plaintiff pleaded any specific facts showing that he will inevitably lose some clearly identifiable legal right because of Defendants' allegedly wrongful acts and omissions. Therefore, Plaintiff has failed to satisfy the "actual injury" requirement prescribed by Lewis v. Casey. See Sabers, 100 F.3d at 84 (access-to-courts claim was properly dismissed where prisoner "offered no facts" showing that alleged lack of legal resources actually "prejudiced her in a legal case").

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that his application for leave to proceed IFP, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2] To date, he has not paid any fee at all, so he

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716

still owes the full $350 fee. Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Having determined that this action must be summarily dismissed because Plaintiff has failed to plead an actionable claim, the Court will further recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). The Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §

---

(8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1915(e)(2)(B)(ii);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely th full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: December 7, 2010

                       *s/ Jeffrey J. Keyes*
                       JEFFREY J. KEYES
                       United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 22, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.