UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas Stroeder,                                       Civ. No. 10-4336 (PAM/JJK)

            Plaintiff,

v.                                                                  **MEMORANDUM AND ORDER**

Joan Fabian, Bruce Rieser, and
Vicki McDougall,

            Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated December 7, 2010. In the R&R, the Magistrate Judge recommended that the Court dismiss the Complaint with prejudice, for failure to state an actionable claim under 28 U.S.C. § 1915A(a). Plaintiffr filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Plaintiff's Complaint alleges that the law library at the prison in which he is incarcerated is inadequate, thus depriving him of his constitutional right of access to the courts. As the R&R found, however, Plaintiff has not alleged any injury from the allegedly inadequate law library, namely "any specific occasion when he actually lost a specific substantive legal right as a direct result of the alleged inadequacy of the legal resources that

are available to him." (R&R at 5.)

Plaintiff's objections do not further elucidate his claims. Rather than address the deficiencies of his Complaint in even a cursory manner, he instead asks the Court to decline to adopt the R&R because the law library has only certain limited resources "which is a[n] injury because it shows that I am not able to research my case adequately." (Obj. at 75.) The R&R clearly informed Plaintiff what is necessary to succeed on his claim regarding the prison law library: he must inform the Court of an instance in which he cannot or could not pursue a valid claim because of the inadequacy of the law library. His mere statement that the limited resources caused him injury simply does not suffice.[1]

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 4) is **ADOPTED**;

2. The Application to Proceed in forma pauperis (Docket No. 2) is **DENIED**;

3. The Motion for Appointment of Counsel (Docket No. 3) is **DENIED**;

4. This action is summarily **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

5. Plaintiff is required to pay the unpaid balance of the filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[1] The Court also notes that Plaintiff has once again supplied the Court with lengthy objections to an R&R that do not in fact contain any legal argument whatsoever. See Stroeder v. Fabian, 10-cv-4494 (D. Minn. Dec. 8, 2010) (Docket No. 5). Rather, all but two of the 75-page Objections here are either lists of case citations without any further explanation or are pages with headings such as "Procedural History," or "Statement of the Facts," but are otherwise blank.

6. The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Wednesday, December 22, 2010</u>

                                                  ***s/ Paul A. Magnuson***
                                                  Paul A. Magnuson
                                                  United States District Court Judge